UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22993-CIV-McALILEY

[CONSENT CASE]

VENTANA HOTELS & RESORTS, LLC,
an Arizona limited liability company,

        Plaintiff,

vs.

HABANA LIBRE HOTEL, LLC, a Florida
limited liability company,

        Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

Pending before the Court is Defendant Habana Libre Hotel LLC's motion to dismiss the complaint [DE 9]. In addition to the motion, the Court has reviewed the complaint [DE 1], Ventana Hotels & Resorts, LLC's (Ventana) response to the motion to dismiss [DE 10], Habana Libre's reply [DE 11], and all other relevant papers in the court file.

Ventana alleges in its complaint that on October 1, 2005, Capri Inn Condominium (not a party to this lawsuit) hired Ventana to provide sales and marketing services for Capri's hotel in Miami Beach, the Villa Capri [DE 1, at 2 ¶ 7]. The five-year consulting agreement between Capri and Ventana provided, among other things, for payment to Ventana of base

fees and incentive fees [DE 1, at 3 ¶ 13; DE 15-2, at 2-4].[1]

On May 15, 2006, Habana Libre bought the hotel from Capri [DE 1, at 2 ¶ 9], and Capri assigned its consulting agreement with Ventana to Habana Libre [DE 1, at 2 ¶¶ 10-12; DE 15-3]. Four years remained of the original five-year term [DE 1, at 3 ¶ 13]. In June of 2006 Habana Libre denied Ventana access to the hotel's property management system, and has since refused to communicate with Ventana [DE 1, at 3 ¶ 14]. Habana Libre advised Ventana that it considered the consulting agreement to be terminated, and that it did not intend to perform any of its obligations under the agreement [DE 1, at 3 ¶ 15]. Ventana alleges that there were no grounds for termination of the consulting agreement, and that it has performed all of its obligations under the agreement [DE 1 at 3 ¶¶ 16-18]. It sues Habana Libre for anticipatory repudiation (count I), breach of contract (count II), breach of the implied covenant of good faith and fair dealing (count III) and unjust enrichment (count IV) [DE 1, at 3-8].

For purposes of its motion to dismiss, Habana Libre does not dispute any of the essential facts stated in Ventana's complaint [DE 9 at 2], but states that it had the "absolute right" to terminate its agreement with Ventana under this provision of the consulting agreement:

> 7.2   Termination by Owner.  Owner may terminate this Agreement with thirty days notice if (a) the Hotel is sold to an unaffiliated third party . . . .

[DE 9, at 3; DE 15-2, at 4]. Since, Habana Libre argues, Capri, as owner, assigned to

---

[1] References to the exhibits to the complaint are to DE 15, as Ventana filed better (substitute) copies of the exhibits on March 12, 2007.

Habana Libre all of its rights under the consulting agreement, Habana Libre, as the new "owner," had the right to terminate the consulting agreement with Ventana under paragraph 7.2 of the consulting agreement [DE 9, at 3-4].

Ventana responds first that Habana Libre's motion to dismiss should be denied because instead of challenging the sufficiency of the complaint Habana Libre simply asserts a defense [DE 10, at 2, 4]. The Court concludes that Habana Libre's interpretation of paragraph 7.2 goes to whether a breach occurred in the first instance.[2] See *American Color Graphics, Inc. v. Brooks Pharmacy, Inc.*, No. 805CV1512T27TBM, 2006 WL 539543, at * 3 (M.D. Fla. Mar. 6, 2006) (question of fact existed as to parties' intent in drafting termination clause, and consequently whether breach occurred).

In addressing the merits of Habana Libre's argument, Ventana urges an interpretation of paragraph 7.2 completely at odds with Habana Libre's. Ventana asserts that the paragraph means that Habana Libre can terminate the consulting agreement only upon *its* sale of the Hotel to an unaffiliated third party and with 30 days' notice [DE 10, at 4]. Ventana also correctly points out that Habana Libre's interpretation of paragraph 7.2 raises several factual questions about the sequence of events and the parties' intentions [DE 10, at 4-5].

Where a contract is reasonably or fairly susceptible of different constructions, it is ambiguous, *Commercial Capital Resources, LLC v. Giovannetti*, 955 So. 2d 1151, 1153 (Fla.

---

[2] Under Florida law, which governs here, see DE 15-2, at 6 ¶ 8.6 (consulting agreement is "governed by, and construed and enforced in accordance with, the internal substantive laws of the State of Florida"), the elements of a breach-of-contract claim are (1) a valid contract, (2) a material breach, and (3) damages. *J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003).

3d DCA 2007); *Okeelanta Corp. v. Bygrave*, 660 So. 2d 743, 747-48 (Fla. 4th DCA 1995), and because interpretation of ambiguous contracts potentially involves questions of fact, *Pope v. Winter Park Healthcare Group, Ltd.*, 939 So. 2d 185, 191 (Fla. 5th DCA 2006); *Barone v. Rogers*, 930 So. 2d 761, 764 (Fla. 4th DCA 2006), dismissal under Rule 12(b)(6) is inappropriate. "[T]he construction of ambiguous contract provisions is a factual determination that precludes dismissal on a motion for failure to state a claim*.*" *Martin Marietta Corp. v. Int'l Telecomm. Satellite Org.*, 991 F.2d 94, 97 (4th Cir. 1992). *See American Color Graphics, Inc.,* 2006 WL 539543, at * 3 (denying motion to dismiss breach-of-contract claim where termination clause was ambiguous).

In view of the disparity in the parties' interpretations of paragraph 7.2 and the factual questions surrounding their intentions, dismissal of Ventana's complaint under Rule 12(b)(6) is inappropriate. Habana Libre's motion to dismiss the complaint [DE 9] is **denied**.

DONE and ORDERED in chambers in Miami, Florida, this 11th day of July, 2007.

_____
CHRIS MCALILEY
U.S. MAGISTRATE JUDGE

Copies to all counsel of record